UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN RECANT,<br><br>                    Plaintiff,<br><br>           -against-<br><br>DE SALES ASSISTED LIVING CORP; VISTA ASSISTED LIVING; NICOLE ATANASIO & JOHN HILL RN; NYC HOUSING COURT JUDGE FRANCIS ORTIZ; NY STATE DEPT OF HEALTH,<br><br>                    Defendants. | 24-CV-8330 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. She alleges that the events giving rise to her claims occurred at her assisted living residence, Vista on 5th ("Vista"). Named as Defendants are Vista; Vista CEO, Nicole Atanasio; Vista Director of Nursing, John Hill; the De Sales Assisted Living Corporation ("De Sales"); New York City Housing Court Justice Francis Ortiz; and the New York State Department of Health ("DOH"). By order dated January 21, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

[1] The Court had originally denied Plaintiff's IFP application, but after she submitted documentation showing that she could not afford the fees, the Court granted the application.

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The events giving rise to Plaintiff's claims concern Plaintiff's living conditions in her Vista apartment; she alleges these events occurred from September 2024 to the present day. Plaintiff claims violations of "warrant of habitability; tenant aggravated harassment; no repair of utilities; failure to maintain apt. in livable condition."[2] (ECF 1, at 2.) Plaintiff does not include any facts in her complaint but rather refers the Court to her "order to show cause," where Plaintiff complains about the conditions of her Vista apartment. In that document, Plaintiff states that she has

> received threats of great physical harm, been abused . . . physically & mentally no toilet – x5 wks, or nonworking thermostat no heat or 95 [degrees]. Staff residents entering my apartment with keys without my invitation. Clothing shoes & jewelry taken, no hot water. Spilling sharp objects & white powder on the floor capsules of various sizes on the floor, stolen keys & removes stolen.

(ECF 9, at 1.) She also indicates in this document that "the police have done nothing despite reports." (*Id.*)

Plaintiff seeks money damages and a "[r]estraining order to keep tenant from harassment by staff & other residents." (ECF 1, at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff attaches to her complaint documents from her state court proceedings in Civil Court of the City of New York, Housing Part, where Plaintiff complains of the conditions of her Vista apartment. (*See id.* at 57-58.)

## DISCUSSION

Plaintiff brings this action without stating facts supporting her claims. She also names defendants who either cannot be sued under federal law or are immune from liability in this action. The Court therefore dismisses Defendants on these grounds. The Court also grants Plaintiff leave to amend her complaint to state facts showing that any named defendant is liable, as is required under Rule 8 of the Federal Rules of Civil Procedure.

**A.     Claims against De Sales, Vista, Vista CEO Atanasio and Vista Director of Nursing Hill**

Because Plaintiff invokes the Court's federal question jurisdiction, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties generally are not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Although there are limited circumstances in which a nominally private actor can be deemed a state actor for Section 1983 purposes, it is well established that receipt of government funding, "no matter how extensive, is insufficient to transform otherwise private conduct into state action." *Young v. Halle Hous. Assoc., L.P.*, 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001); *see, e.g.*, *Aponte v. Diego Beekman M.H.A. HFDC*, No. 16-CV-8479 (JPO), 2019 WL 316003, at *12

3

(S.D.N.Y. Jan. 24, 2019) (dismissing Section 1983 claims based on "entwinement" theory where plaintiffs alleged that landlord "receive[d] public funds and tax exemptions in exchange for providing low-income housing," and holding that entities do not become state actors "simply because those entities receive state funding for providing a public service" (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982))).

Plaintiff sues De Sales, Vista, Vista CEO Atanasio, and Vista Director of Nursing Hill, all of whom are private parties. De Sales and Vista are private entities that do not qualify as state actors, and Atanasio and Hill do not work for any state or other government body. Therefore, Plaintiff has not stated a viable Section 1983 claim against these defendants, and the Court dismisses the claims against them for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims against Justice Ortiz**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff seeks damages from Justice Ortiz, presumably arising from his judicial role in Plaintiff's Housing Court matter in the Civil Court of the City of New York. (*See* ECF 1, at 57-58.) These claims appear to concern "acts arising out of, or related to, individual cases before him," Justice Ortiz is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice Ortiz for damages because he is immune

from suit seeking such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

C.     **Claims against New York State Department of Health**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the DOH, an arm of the State of New York, are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

D.     **Leave to amend**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under the Rule, a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8 because she alleges no facts in her complaint. In light of Plaintiff's *pro se* status, the Court grants her 30 days' leave to replead her claims in an amended complaint. Any amended complaint Plaintiff files must comply with Rule 8's requirement that it include a short and plain statement showing that she is entitled to relief against each named defendant. Plaintiff should state facts describing how each named defendant violated her rights.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are

available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Court directs the Clerk of Court to terminate the motions requesting a hearing and a protective order as unnecessary. (ECF 9, 18.)

A City Bar Justice Center flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 25, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
    - Scan the QR code to the right.
    - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court