UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN RECANT,

                     Plaintiff,

         -against-

DESALES ASSISTED LIVING CORP., et al.,

                   Defendants.

24-CV-8330 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 25, 2025, the Court dismissed this action with leave to replead. (ECF 19.) On July 2, 2025, the Court granted Plaintiff additional time to file an amended pleading. (ECF 21.) Plaintiff did not file an amended pleading, and the Clerk of Court entered judgment on August 12, 2025. Over five months later, on January 20, 2026, the court received a motion for an extension of time to file a notice of appeal, brought pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 24.) This Court denies this motion because it is untimely.

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). A motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal can be filed or within 30 days thereafter. *See* Fed. R. App. P. 4(a)(5)(A)(i). Judgment was entered in this case on August 12, 2025. Plaintiff had 30 days from that date, or until September 11, 2025, to file a timely notice of appeal. The time to file a motion for an extension of time expired 30 days later, on October 13, 2025.[1] Plaintiff did not file her motion

---

[1] The time to file the motion expired on October 11, 2025, which fell on a Saturday.

until January 20, 2026, after the time to file a motion for an extension of time expired. Thus,

because the motion is untimely, the Court denies the motion.

**CONCLUSION**

The Court denies Plaintiff's motion (ECF 24) seeking an extension of time to file a notice

of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The Court directs the

Clerk of Court to terminate the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 9, 2026
         New York, New York

         /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
        Chief United States District Judge